OPINION of the Court.
Kirkpatrick. C. J.
This is an action of debt for penalties, of 10 dollars each, founded upon the twenty-first section of the act concerning inns and taverns, passed the twenty-fourth of February 1797. By that section it is enacted, that if any person, without license, &c. shall sell by retail, any rum, brandy, wine or spirits of any kind, under the quantity of one quart, he shall forfeit for every offence, the sum of 10 dollars, to be recovered by action of debt by any person who will sue for the same.
After the passing of this act, viz. on the 12th of February 1804, there was passed another act, entitled “An act to prevent tippling houses.” The preamble of this last act sets forth that the penalties theretofore prescribed by the legislature for selling liquors by less measure than is allowed by law, have proved inadequate for the purposes for which they were intended; and therefore it enacts that it shall not be lawful for any person thereafter, without license, &c. to sell any wine, rum, gin, whiskey, brandy, or other ardent spirits, &c. by less measure than one quart, &c. and that if any one shall offend in the premises, *he shall be liable to be indicted, and fined in any sum not exceeding 20 dollars.
The first of these acts imposes a penalty of 10 dollars for each offence, to be recovered by action of debt, and the second, reciting that this has proved inadequate, imposes a fine of any sum not exceeding 20 dollars, for the very same offence. And
The question is, whether this latter act is not by fair *166 construction, and necessary implication, a repeal of so ■ much of the former as imposes these penalties.
Neither these penalties nor fines are given by way of compensation for private injuries; they are both, strictly speaking, and in the most limited sense, punishments for the infraction of those rules of public order which the supreme power of the state hath thought proper to prescribe. Can it be supposed then, that the legislature intended that this punishment should be double ? That the party should first pay a penalty of 10 dollars, and then a fine of 20 dollars, with all the costs of the prosecution accumulated upon it ? Is this defendant still liable to be indicted for these same offences ? Or rather, the two acts having been made on the same subject, and having in contemplation the' prevention of the same offence, the first proving to be inadequate for the purpose, and the second prescribing a different and much more severe punishment, does not this second necessarily super-cede and repeal the first pro tanto ?
But as this question has not been raised and argued at the bar, no opinion is intended now to be giveii^upon it; nor is it necessary, for without that there is a fatal error in the proceeding.
After the trial was closed, and the parties had withdrawn, the jury who had retired to consider of their verdict, by their constable requested to be permitted to re-examine one of the witnesses, and upon this request they were permitted, by the justice, to come into his presence, and to re-examine the said witness in the absence of the parties, without their having any notice, or opportunity of being present, and without their consent.
This is error. No man can be condemned in our law without hearing the witnesses against him, or having an opportunity to hear them, and to cross examine them.
Therefore let the judgment be reversed.