149 N.J. Super. 585 (1977)
374 A.2d 486
AVA WILLIAMS, PLAINTIFF,
v.
TRANS WORLD AIRLINES AND TRANSPORT WORKERS OF AMERICA UNION, THE AIRLINES STEWARDS AND STEWARDESSES ASSOCIATION, LOCAL 550, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided May 6, 1977.
*586 Mr. Jeffrey K. McKinley for plaintiff (Messrs. Tutela and McKinley, attorneys).
Mr. Louis John Dughi, Jr. for defendant Trans World Airlines (Messrs. Shanley and Fisher, attorneys).
*587 No one appeared for defendant, Transport Workers of America Union, The Airlines Stewards and Stewardesses Association, Local 550.
LESTER, J.S.C.
This novel matter comes before the court on an order to show cause for the release to plaintiff of the name and address of the author of a letter of complaint about plaintiff to her employer.
Plaintiff was employed by defendant Trans World Airlines as a probationary flight attendant. She was discharged in September 1976 after defendant had received a letter of complaint from a passenger on the airplane which included the following language: "* * * the black stewardess (Ava, I believe) was a disgrace. She prostituted with a black passenger so much that those of us in the rear of the plane got so we were cheering her on. * * *"
The time of the alleged incident was August 1, 1976, while the flight in question was grounded by bad weather at Colorado Springs, Colorado. The flight originated in Chicago, Illinois, and the destination was Denver, Colorado.
It is conceded that one of the factors considered in reaching the decision to discharge was the letter in question. Plaintiff was given a copy of the letter after deletion of the author's name. Plaintiff does not question the propriety of the discharge in this action but here seeks to compel defendant Trans World Airlines to divulge the identity of the author of the letter.
Employment was pursuant to a collective bargaining agreement. Article 1 of the agreement reads in pertinent part:
All TWA flights flown by the Company which require Flight Attendants on board the aircraft shall be operated in accordance with the provisions of the current Working Agreement, and all Flight Attendants employed by the Company shall be subject to the provisions of the current Working Agreement. [Agreement between Trans World Airlines, Inc. and The Flight Attendants in the service of Trans World Airlines, Inc. as represented by The Transport Workers Union of America, AFL-CIO signed July 29, 1976]

* * * * * * * *
*588 An employee will receive a copy of any record placed in the employee's file which is a criticism or reprimand of the employee and a copy of any supervisor's in-flight reports. In addition, the Company will provide a copy of letter of complaint to the affected Flight Attendant after deleting the identification of the sender. In no event, will a supervisor use written information which involves an employee's on-board performance, or any criticism in assessing discipline if the written report has not been previously discussed with the employee." [Id., Article 19(C)]
Plaintiff characterizes the letter in question as accusing her of acts of prostitution. (Defendant does not and merely refers to the letter language).
Plaintiff asserts that the letter is "slanderous in nature and seeks the identity of her accuser"; that she is entitled to the information, and that any collective agreement barring same is contrary to public policy and deprives her of "constitutional" rights.
Defendant opposes and argues that pursuant to a collective bargaining agreement between Trans World Airlines and its flight attendants, defendant was to furnish the letter only "after deleting the identification of the sender." Article 19(C). Thus, it is urged, plaintiff "waived" her rights to such information and, in effect, waived the right to sue patrons who chose to criticize the performance by written complaint.
It is urged by plaintiff that the withholding of the information (the name of the author):
* * * will violate both public policy and the fundamental rights of the plaintiff. No man can be condemned [sic] in our law without hearing the witnesses [sic] against him, and having an opportunity to cross-examine them. Perine v. Van Note, 4 N.J.L. 146 (Sup. 1818).
Finally, plaintiff urges that this "fundamental right" was not waived; that there was a closed shop; that she was compelled to become a union member, and that the union could not waive her rights by agreement.
*589 What constitutional rights of plaintiff are in jeopardy? I find none.
If she speaks of the right to freedom from deprivation of liberty or property without due process of law [U.S. Const., Amend. XIV] the court rejects this theory since (a) no state action is involved (United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368 (1940), reh. den. 314 U.S. 707, 62 S.Ct. 51, 86 L.Ed. 565 (1941)) and (b) the act of collective bargaining is sufficient due process for the curtailment of plaintiff's property and liberty interests.
Plaintiff, additionally, relies on a Sixth Amendment argument that "In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him; * * *." U.S. Const., Amend. VI.
Thus, it is urged that this fundamental right, made applicable to the states by the Fourteenth Amendment, as discussed in Pointer v. Texas, 380 U.S. 400. 85 S.Ct. 1065, 13 L.Ed. 2d 923 (1965), should be extended to govern this civil matter. Plaintiff would have the court interpret the letter as accusing plaintiff of a crime.
This argument is without merit or, at best, premature since there is no pending criminal proceeding upon which a Sixth Amendment claim may be based, nor is any state action involved. Plaintiff's reliance on the ancient case of Perine v. Van Note, 4 N.J.L. 146 (Sup. Ct. 1818), is misplaced since the action in that case was not for compensation for private injuries but for punishment of an infraction of rules of public order. 4 N.J.L. at 147.
Even if plaintiff's constitutional claims had merit, a waiver is apparent and explicit in the agreement. That any such right may be waived is clearly recognized. State v. Clark, 58 N.J. 72 (1971). Collective bargaining agreements are strongly favored in the law. Independent Dairy Workers, etc. v. Milk Drivers, etc., Local No. 680, 30 N.J. 173 (1959). It would certainly defeat the concept of collective bargaining to posit that an employee who was not *590 aware of a particular contractual provision is not bound by the waiver embodied in that provision.
The court further finds that the deletion of the author's name is not "against public policy". The deletion serves a salutory purpose of giving patrons and others some degree of anonymity in complaining against unseemly or unsafe conditions.
Judgment for defendant. No costs.